GREENBERG TRAURIG, LLP
Wendy M. Mantell (SBN 225544)
Email: mantellw@gtlaw.com
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800

Michael A. Nicodema (*pro hac vice*)
Email:  nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building,
200 Park Avenue
New York, NY 10166

Kevin J. O'Shea (*pro hac vice*)
Email: osheak@gtlaw.com
James J. Lukas, Jr. (*pro hac vice*)
Email:  lukasj@gtlaw.com
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone:  312-456-8400
Facsimile:  312-456-8435

*Attorneys for Plaintiff Universal Electronics Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSAL ELECTRONICS INC.,<br><br>Plaintiff,<br><br>v.<br><br>LOGITECH, INC., LOGITECH INTERNATIONAL S.A., and LOGITECH EUROPE S.A.,<br><br>Defendants. | CASE NO. SACV 11-1056-JVS(ANx)<br><br>**UNIVERSAL ELECTRONICS INC.'S NOTICE OF MOTION AND MOTION TO (1) MODIFY SCHEDULING ORDER AND (2) FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**<br><br>Date:   March 19, 2012<br>Time:   1:30 p.m.<br>Crtrm:  10C<br>Judge:  Hon. James V. Selna<br>Discovery Cut off:  Jan. 11, 2013<br>Trial Date:  April 30, 2013 |

**MOTION TO MODIFY AND FOR LEAVE TO AMEND**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that on March 19, 2012, at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 411 West Fourth Street, Santa Ana, CA 92701, Plaintiff and Counterclaim-Defendant Universal Electronics Inc. ("UEI") will and hereby does move this Court for leave to file the attached [Proposed] Second Amended Answer To Logitech, Inc., Logitech International S.A., And Logitech Europe S.A.'s Counterclaims And Counterclaims.

UEI brings this Motion on the grounds that:

(1) good cause exists to extend the date by which UEI must amend its pleadings by less than one month and no other modification to the pretrial order is necessary;

(2) leave to amend shall be freely granted and in the interest of justice leave to amend should be granted in this case;

(3) UEI is not seeking to amend in bad faith;

(4) discovery is in its early stages, the parties have propounded and responded to written discovery but no depositions have been noticed or taken;

(5) UEI is filing this motion less than two months after receiving Defendant's infringement contentions and on the same date that the parties' invalidity contentions are due;

(6) under the current scheduling order, there is still time to conduct any necessary discovery and file dispositive motions; hence, granting leave to amend will not delay this action;

(7) Defendants will not be prejudiced by the amendment; and

(8) the amendment is not futile.

This Motion is made following the conference of counsel, pursuant to Local 7-3, that took place on February 6, 2012, and further subsequent efforts of the parties to reach a stipulation. Despite these efforts, Defendants are not willing to consent to the proposed amendment.

**MOTION TO MODIFY AND FOR LEAVE TO AMEND**

This Motion is based upon this Notice of Motion and the attached Memorandum of Points and Authorities, the declaration of James J. Lukas, Jr., and the [Proposed] Second Amended Answer To Logitech, Inc., Logitech International S.A., And Logitech Europe S.A.'S Counterclaims And Counterclaims lodged concurrently with this Motion, all pleadings and papers submitted in this action, and such further argument and evidence that the Court may consider at any hearing on this Motion.

February 17, 2012

Respectfully submitted,

*/s/ James J. Lukas, Jr.*

Wendy M. Mantell
GREENBERG TRAURIG LLP
2450 Colorado Avenue
Suite 400 East
Santa Monica, CA 90404
Telephone: 310-586-7700
Facsimile: 310-586-7800

Michael A. Nicodema
GREENBERG TRAURIG LLP
MetLife Building
200 Park Avenue
New York, NY 10166

Kevin J. O'Shea
James J. Lukas, Jr.
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: 312-456-8400

Fax: 312-456-8435

*Counsel for Plaintiff, Universal Electronics Inc.*

**MOTION TO MODIFY AND FOR LEAVE TO AMEND**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................1

II.   FACTUAL BACKGROUND.................................................................2

  A.   The Relevant Proceedings To Date And The Current Trial Schedule ..........2

  B.   UEI's Request That Logitech Stipulate To UEI's Filing Of An
       Amended Answer And Counterclaim ...............................................3

  C.   UEI'S Proposed Second Amended Answer and Counterclaim. ..................5

III.   ARGUMENT .......................................................................................8

  A.   UEI Satisfies The Rule 16 Good Cause Standard Because It Has
       Acted Diligently To Request An Amendment To The Scheduling Order....8

  B    Justice Requires That UEI Be Permitted To Amend...................................10

    1.   UEI Has Not Sought Leave To Amend In Bad Faith .......................11

    2.   UEI's Amendment Will Not Delay The Proceedings.......................11

    3.   Logitech Will Not Be Prejudiced If Leave To Amend Is Granted ...12

    4.   UEI's Proposed Amendment Will Not Be Futile .............................12

IV.   CONCLUSION....................................................................................13

i

# TABLE OF AUTHORITIES

**Page**

## Federal Cases

*C.F. v. Capistrano Unified School Dist.*
  656 F. Supp. 2d 1190, 1195 (C.D. Cal. 2009) (*quoting U.S. v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981) .....................................................................10

*Calmar, Inc. v. Emson Research, Inc.*,
  850 F. Supp. 861, 865 (C.D. Cal. 1994) .................................................................12

*Century Surety Co. v. 350 W.A., LLC*,
  Civ. No. 05-CV-1544, 2007 WL 2572270 at *1 (S.D. Cal. Sept. 5, 2007) .........8, 9, 12

*City of Grass Valley v. Newmont Mining Corp.*,
  No. 2:04-cv-149, 2007 WL 1395312 at *2 (E.D. Cal. May 10, 2007) ........................9

*DCD Programs, Ltd. v. Leighton*,
  833 F.2d 183, 186 (9th Cir. 1987) ...................................................................10, 11

*Foman v. Davis*,
  371 U.S. 178, 182 (1962)................................................................................10, 11

*Griggs v. Pace American Group, Inc.*,
  170 F.3d 877, 880 (9th Cir. 1999) .........................................................................10

*Hurn v. Retirement Fund Trust of the Plumbing, Heating & Piping Indus. of S. California*,
  648 F.2d 1252 (9th Cir. 1981) ..............................................................................10

*In re Circuit Breaker Litig.*,
  175 F.R.D. 547, 551 (C.D. Cal. 1997).....................................................................12

*Johnson v. Mammoth Recreations*,
  975 F.2d 604, 608 (9th Cir. 1992) ...........................................................................8

*Miller v. Rykoff-Sexton, Inc.*,
  845 F.2d 209, 214 (9th Cir. 1988) .....................................................................11, 12

*Morongo Band of Mission Indians v. Rose*,
  893 F.2d 1074, 1079 (9th Cir. 1990) ......................................................................10

*Owens v. Kaiser Foundation Health Plan, Inc.*,
  244 F.3d 708, 712 (9th Cir. 2001) .........................................................................10

*Senza-Gel Corp. v. Seiffhart*,
  803 F.2d 661, 666 (Fed. Cir. 1986) ........................................................................10

ii

*States v. Webb*,
   655 F.2d 977, 979 (9th Cir. 1981) ........................................................11

*Union Pac. R. R. Co. v. Nevada Power Co.*,
   950 F.2d 1429, 1432 (9th Cir. 1991) ....................................................10

**Federal Statutes**

37 C.F.R. § 1.312 ....................................................................................7

**Federal Rules**

Fed. R. Civ. P. 15 ..........................................................................2, 8, 10

Fed. R. Civ. P. 15(a) ..............................................................................10

Fed. R. Civ. P. 16 ..............................................................................8, 9

Fed. R. Civ. P. 16(b) ................................................................................8

Fed. R. Civ. P. 26(f) ................................................................................2

**Rules**

Local 7-3 ..................................................................................................2

**MOTION TO MODIFY AND FOR LEAVE TO AMEND**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff and Counter-defendant Universal Electronics, Inc. ("UEI") brings this Motion to Modify the Scheduling Order and For Leave to Amend Answer and Counterclaim ("Motion") to add a single counterclaim for a declaratory judgment of unenforceability based on inequitable conduct with respect to U.S. Patent No. 6,784,805 ("the '805 Patent"), that Defendant Logitech, Logitech Europe S.A. ("LE") asserted against UEI in LE's disclosure of asserted claims and infringement contentions ("Infringement Contentions"), served on December 19, 2011.

Good cause exists to extend the current deadline to seek leave to amend pleadings for less than one month and to permit UEI to file its Second Amended Answer and Counterclaim.  The parties agree that the current deadline to seek leave to add new parties or amend was February 1, 2012.  UEI requests that this deadline be extended to February 17, 2012–the same date that the parties' invalidity contentions are currently due to be served.  LE only served its infringement contentions on December 19, 2011, and the parties have yet to exchange invalidity contentions.  Discovery is in its early stages—no depositions have been scheduled or taken—and UEI has proceeded diligently in this action.

Defendants Logitech, Inc., Logitech International S.A., and Logitech Europe S.A. (collectively "Logitech") still have ample time to conduct further discovery on this new Counterclaim as the discovery cut off date is not until January 11, 2013.  Indeed, although the parties have exchanged written discovery, no depositions have been noticed or taken, and expert discovery has not yet begun.  Despite UEI's outstanding document requests served in November 2011, Logitech has made only a single limited production of documents with its December 19, 2011, Infringement Contentions, and has recently stated that it "will begin producing responsive documents on February 17, 2012...*or as soon thereafter as possible*."  (emphasis in original).  *See* Declaration of James J. Lukas, Jr. In Support Of Universal Electronics Inc.'s Motion To (1) Modify

1

Scheduling Order And (2) For Leave To File Amended Answer And Counterclaim ("Lukas Decl."), ¶ 7, Ex. 3. UEI, on the other hand, has proceeded with substantial rolling productions since October 31, 2011. The dispositive motion cut off date is more than a year away on March 18, 2013. Hence, Logitech will not be prevented from pursuing discovery relating to this Counterclaim or addressing it in expert reports and testimony and, if appropriate, moving for summary judgment, and will not be prejudiced by the allowance of the amendment.

Pursuant to Federal Rule 15, leave to amend should be freely granted, and the Ninth Circuit applies this standard with extreme liberality. UEI has not sought to amend in bad faith, and is not seeking any further changes to the schedule; it need not do so since ample time remains for the parties to conduct proper discovery on this and all other claims in this action. Accordingly, these proceedings will not be delayed by modifying the scheduling order to permit UEI's proposed amendment. Finally, the amendment is not futile, in that it alleges a valid and properly pled counterclaim for a declaratory judgment that the '805 Patent is unenforceable due to inequitable conduct. Therefore, UEI's Motion should be granted.

## II.   FACTUAL BACKGROUND

### A.   The Relevant Proceedings To Date And The Current Trial Schedule.

On November 7, 2011, the parties submitted their Joint Rule 26(f) Report (Dkt. 30) which included their respective requests for a proposed schedule, and on November 22, 2011, Logitech submitted a Supplemental Rule 26(f) Report. With respect to the date for the "last day for the parties to seek leave to add new parties or amendments," UEI requested a February 1, 2012 deadline and Logitech requested an April 6, 2012 deadline. The Court generally adopted UEI's proposed schedule, and the parties agree that the deadline to amend was February 1, 2012. (*See* Dkt 35). The Court granted Logitech's *first* request for a thirty day extension to the deadline for Logitech's service of invalidity contentions and infringement contentions. (*See* Dkt. 33).

MOTION TO MODIFY AND FOR LEAVE TO AMEND

On December 12, 2011, the Court granted UEI's unopposed request for leave to file a First Amended Answer and Counterclaim. (*See* Dkt. 50). The Court also granted Logitech's **second** request for a thirty day extension to the deadline for service of Logitech's invalidity contentions. (*See id.*) Subsequently, on December 16, 2011, Logitech filed a proposed order extending the deadline for the parties' service of invalidity contentions to February 17, 2012, along with certain claim construction deadline dates that immediately followed. (Dkt. 51-1). The Court entered an order modifying the schedule with Logitech's proposed dates on December 20, 2011. (Dkt. 54).

On December 19, 2011, LE served its Infringement Contentions, asserting infringement of five patents. *See* Lukas Decl., ¶ 3. Thereafter, UEI diligently reviewed the specific claim charts for each asserted patent, along with their associated prosecution histories and the prosecution histories of numerous related patents and applications. (*Id.*) UEI also began to search for prior art to include in its invalidity contentions, due on February 17, 2012. (*Id.*)

Trial is currently scheduled for April 30, 2013. (Dkt. 34).

**B.      UEI's Request That Logitech Stipulate To UEI's Filing Of An Amended Answer And Counterclaim.**

On January 30, 2012, just a month after LE served its Infringement Contentions regarding the '805 Patent and before the February 1, 2012 deadline for the parties to seek leave to amend pleadings, UEI's counsel notified Logitech's counsel that UEI intended to seek leave to file a Second Amended Answer and Counterclaim to add an additional counterclaim for a declaratory judgment of unenforceability of LE's '805 Patent. (Lukas Decl. at ¶ 4.) UEI's counsel provided Logitech's counsel with a draft of its Second Amended Answer and Counterclaim and requested that Logitech inform UEI whether it would agree to join in a stipulation for UEI to file its Second Amended Answer and Counterclaim by February 1, 2012. (*Id.*) The next day Logitech's counsel

3

refused to confirm whether it would agree to a joint stipulation and stated she would not be able to discuss UEI's proposed amendment until a week later. (*Id.* at ¶ 5.)

Logitech's counsel refused to explain Logitech's unresponsiveness and unwillingness to stipulate, and, on February 1, 2012, UEI's counsel reiterated that UEI was simply asking Logitech to stipulate to UEI filing an amended pleading adding a single counterclaim for a declaratory judgment of unenforceability. (*Id.* at ¶ 6.) UEI's counsel further stated that he took Logitech's "unresponsiveness and delay as a refusal to agree to such a stipulation" and that he would "leave it to Logitech to explain to the Court why it would not consent to UEI's amended pleading in favor of unnecessary motion practice when Logitech only served its infringement contentions on UEI *a little over a month ago* and UEI *has not yet served its invalidity contentions* regarding Logitech's asserted patents (including the patent for which UEI seeks to add a counterclaim of unenforceability)--and will not until **February 17, 2012**." (*Id.* (emphasis in original).)

On February 6, 2012, UEI's counsel and Logitech's counsel discussed UEI's proposed amendment by phone. (*Id.* at ¶ 7.) Logitech's counsel stated that certain claim amendments referred to in UEI's proposed amendment would clear up any concerns with the unenforceability of the '805 Patent and dispose of the need for UEI to amend. Logitech's counsel provided two amendments purportedly from the prosecution of the '805 Patent, stating "that the two amendments referred to in UEI's proposed amended counterclaim were submitted to the PTO but for some reason are not reflected in the official PTO record." (*Id.*) Logitech's counsel failed to provide any reason why Logitech waited until February 6, 2012 to produce these amendments and why they were not previously produced with Logitech's Infringement Contentions on December 19, 2011, as required by the Northern District of California Local Patent Rules.

On February 7, 2012, UEI's counsel responded to Logitech's counsel regarding the newly produced documents to confirm that they did not change UEI's position regarding its proposed unenforceability claim and to renew UEI's request that Logitech

1   agree to stipulate to UEI's proposed amendment. (*Id.* at ¶ 8.) Consistent with the

2   PTO's prosecution history and Logitech's counsel's own admission that the

3   amendments are not reflected in the official PTO record, the amendments were never

4   allowed and/or entered into the record by the PTO examiner. (*Id.*) Accordingly,

5   Logitech's arguments regarding those amendments and the filing of a materially false

6   statement of correction to bypass the PTO's examiner's review of material and

7   substantial amendments constitutes inequitable conduct. (*Id.*) On February 8, 2012,

8   after delaying its response to UEI's initial January 30, 2012, request for over a week,

9   Logitech's counsel refused to stipulate to UEI amending the scheduling order and UEI's

10   proposed amendment. (*Id.* at ¶ 9.)

11       **C.   UEI'S Proposed Second Amended Answer and Counterclaim.**

12       UEI's proposed counterclaim for a declaratory judgment of unenforceability of

13   the '805 Patent (Proposed Counterclaim Count XIII) is premised on the inequitable

14   conduct committed by the prior owners of the '805 Patent, Logitech, the law firm

15   Kilpatrick Townsend & Stockton, LLP ("KTS"), and attorney Rodney C. LeRoy

16   ("LeRoy") (collectively "Patentee"), which results in the unenforceability of the '805

17   Patent. In its proposed counterclaim, UEI alleges that Patentee, with a specific intent to

18   deceive, made intentionally false and material representations and omissions to the PTO

19   in a request for a certificate of correction. A year after the PTO issued the '805 patent,

20   Patentee falsely claimed to the Certificate of Corrections Branch of the PTO that a

21   certificate of correction should be entered because an "inadvertent clerical error" had

22   occurred and "the claims amended in the Amendments dated April 23, 2004 and

23   February 26, 2004 were incorrectly printed on the issued patent." A certificate of

24   correction was issued in response to Patentee's request on September 19, 2006.

25       UEI alleges that the significant problem with Patentee's unmistakably and

26   materially false certification is that the amendments were never allowed or entered by

27   the examiner and, therefore, Patentee knew that it was not seeking to correct a clerical

28   error. Accordingly, Patentee falsely claimed that the claims it submitted with the

5

certificate of correction request were previously entered into the record and allowed by the examiner when they were not.  Rather than filing a reissue proceeding after issuance, Patentee submitted a materially false request to correct a clerical error in order to bypass the examiner's review of material and substantial amendments to the claims that were not originally allowed by the examiner.

The material and substantial changes made to the claims as part of Patentee's request for a certificate of correction were never present in the claims allowed by the examiner.  This point is confirmed by the examiner's notation in his April 15, 2004, notice of allowance that he allowed claims 1-35 (Patentee submitted less than 35 claims in its request for a certificate of correction which included the cancellation of certain claims) and his statement for reasons of allowance with respect to the base limitations of the independent claims.  Specifically, the examiner stated "[t]he prior art … does not teach 'a state-based remote control system comprising an electronic system capable of storing, calculating and updating a simulated current state data relating to at least one external device wherein said simulated current state data is calculated based upon at least one electronic device', as claimed in claims 1, 17, and 20 (see interview summary mailed 2/26/04)."

With respect to Claim 1, for example, the claims submitted with the certificate of correction included the following material and substantial changes to those allowed by the examiner.  First, Logitech, LeRoy and/or KTS changed claim 1 from "a state-based remote control system, comprising…*an electronic system*" to "a state-based remote, comprising *a remote control*."  Second, Logitech, LeRoy and/or KTS changed the independent apparatus claims from "a communication device connected to *said electronic system* for emitting a control signal to said at least one external electronic device" to "a communication device connected to *said remote control* for emitting a control signal to said at least one external device."  Third, Logitech, LeRoy and/or KTS changed the independent apparatus claims from "an input unit connected to said *electronic system* for communicating with said *electronic system*" to "an input

6

connected to said *remote control* for communicating with said *remote control*." Fourth, Logitech, LeRoy and/or KTS changed the independent apparatus claims from "wherein said simulated current state data is calculated based upon at least one action performed by said *electronic system* in controlling said at least one electronic device" to "wherein said simulated current state data is calculated *and updated* based upon at least one action performed by said *remote control* in controlling said at least one electronic device *prior to a next action or a next task*." (All emphases added)

Any alleged February 26, 2004 amendment would have come after the examiner's final office action and was not entered because there is no indication in the prosecution history record that the required Request for a Continued Examination ("RCE") was submitted to the examiner. A RCE submitted a month later was only submitted for an information disclosure statement and makes clear that no amended claims were submitted with it. Finally, any alleged April 23, 2004, amendment would have come after the examiner's April 15, 2004, notice of allowance and was never entered or allowed. Because this amendment came after allowance, Patentee was required to submit a request for an amendment after allowance under 37 C.F.R. § 1.312, but did not. Moreover, such an amendment after allowance is not entered as a matter of right; rather, the examiner must affirmatively allow the amendment. The prosecution history is also clear that the examiner never allowed any proposed amendment submitted after allowance.

In summary, UEI alleges that with a specific intent to deceive the PTO, Patentee:

- concealed and failed to disclose that claim amendments were not entered and allowed by the examiner on February 26, 2004;

- concealed and failed to disclose that claim amendments were not entered and allowed by the examiner on April 23, 2004;

- falsely stated that its request for a certificate of correction was being made "to correct an inadvertent clerical error of the Patent Office";

**MOTION TO MODIFY AND FOR LEAVE TO AMEND**

- falsely stated that "claims amended in the Amendments dated April 23, 2004 and February 26, 2004 were incorrectly printed on the issued patent";

- made material misrepresentations or omissions regarding claim amendments that were never entered or allowed and purported clerical errors of the PTO;

- made material misrepresentations or omissions and falsely stated and/or implied that the claims submitted as part of Patentee's request for a certificate of correct were the claims entered and allowed by the examiner; and

- made an umistakably false certification.

These allegations state a claim for inequitable conduct before the PTO and, if proven true, the '805 Patent should be declared unenforceable.

## III.   ARGUMENT

### A.   UEI Satisfies The Rule 16 Good Cause Standard Because It Has Acted Diligently To Request An Amendment To The Scheduling Order.

When a party seeks to amend a pleading after the deadline has passed, that party must first make a showing of good cause under Rule 16(b) before the Court analyzes a motion to amend the complaint under Rule 15.  Fed. R. Civ. P. 16(b); *Century Surety Co. v. 350 W.A., LLC*, Civ. No. 05-CV-1544, 2007 WL 2572270 at *1 (S.D. Cal. Sept. 5, 2007).  Under the "good cause" standard of Rule 16, the district court "primarily considers the diligence of the party seeking the amendment" and may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992).

To demonstrate diligence, the moving party must establish that: (1) it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) its noncompliance with the scheduling order's deadline occurred notwithstanding diligent efforts to comply because of the development of matters which could not have been

8

reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) it was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order. *See Century Surety*, 2007 WL 2572270, at *2.

UEI has acted diligently. At the time the scheduling order was issued, UEI did not know that LE would be asserting the '805 Patent in its infringement contentions, and did not foresee needing to amend as a result of those contentions. *See City of Grass Valley v. Newmont Mining Corp.*, No. 2:04-cv-149, 2007 WL 1395312 at *2 (E.D. Cal. May 10, 2007) ("Nothing in the record indicates Plaintiff knew it would seek to amend its complaint at the time the status reports were filed. Since Plaintiff participated in creating a workable Rule 16 order, Plaintiff has shown diligence."). After UEI received LE's Infringement Contentions, UEI was diligent in reviewing LE's claim charts, LE's corresponding document production and the prosecution histories of the five asserted LE patents and related patents and applications. (*See* Lukas Decl., ¶ 3). Once it became apparent to UEI that it needed to add a claim, UEI contacted counsel for Logitech. Accordingly, on January 30, 2012, a little more than a month after LE served its Infringement Contentions concerning the '805 Patent and before the February 1, 2012 deadline for the parties to seek leave to amend pleadings, UEI's counsel notified Logitech's counsel that UEI intended to seek leave to file a Second Amended Answer and Counterclaim to add an additional counterclaim for a declaratory judgment of unenforceability of LE's '805 Patent. (Lukas Decl. at ¶ 3). After Logitech's counsel refused to respond meaningfully to UEI's request for more than a week and then finally produced certain alleged amendments from the '805 Patent's prosecution history on February 6, 2012, UEI acted diligently to file this Motion. (*Id.* at ¶ 6.)

Further, "the Ninth Circuit has found that '[w]here ... the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed.'" *C.F. v. Capistrano Unified School Dist.*

**MOTION TO MODIFY AND FOR LEAVE TO AMEND**

1   656 F. Supp. 2d 1190, 1195 (C.D. Cal. 2009) (*quoting U.S. v. First Nat. Bank of Circle*,

2   652 F.2d 882, 887 (9th Cir. 1981)) (modifying scheduling order to allow amendment

3   after a ruling on summary judgment made it apparent that defendant may succeed on a

4   newly pled affirmative defense).

5   **B.   Justice Requires That UEI Be Permitted To Amend.**

6   Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading

7   "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); *see also Foman*

8   *v. Davis*, 371 U.S. 178, 182 (1962) ("'The Federal Rules . . . accept the principle that the

9   purpose of pleading is to facilitate a proper decision on the merits.'").  The Ninth Circuit

10  applies the policy favoring amendment with "extreme liberality."  *Owens v. Kaiser*

11  *Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *Union Pac. R. R. Co.*

12  *v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("amendments seeking to

13  add claims are to be granted more freely" than other amendments).  Indeed, due to the

14  liberal standards required by Rule 15, "the nonmovant bears the burden of showing why

15  amendment should not be granted."  *C.F*, 656 F. Supp. 2d at 1192 (*quoting Senza-Gel*

16  *Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).)

17  Courts consider four factors in deciding whether to permit leave to amend:  1) bad

18  faith of the moving party; 2) undue delay in the proceedings; 3) substantial prejudice to

19  the opposing party; and 4) futility of the amendment.  *See Griggs v. Pace American*

20  *Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *Morongo Band of Mission Indians v.*

21  *Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (finding a showing of "substantial" prejudice

22  is required).  "[T]his determination should be performed with all inferences in favor of

23  granting the motion."  *Griggs*, at 880.  Delay alone is insufficient to deny leave to

24  amend.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see*

25  *also  Hurn v. Retirement Fund Trust of the Plumbing, Heating & Piping Indus. of S.*

26  *California,* 648 F.2d 1252 (9th Cir. 1981) (finding that "delay effected by permitting an

27  amendment to the complaint cannot alone justify the denial of leave to amend.").

28  Moreover, a proposed amendment is "futile" only if no set of facts can be proved under

the amendment that would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F. 2d 209, 214 (9th Cir. 1988).

The decision to grant or deny leave to amend a pleading is within the sound discretion of the District Court. *Foman*, 371 U.S. at 182. In "exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs*, 833 F.2d at 186, *quoting States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

### 1.   UEI Has Not Sought Leave To Amend In Bad Faith.

UEI is not seeking leave to amend in bad faith or based on a dilatory motive. The purpose of the amendment is to add a single counterclaim for a declaratory judgment of unenforceability with respect to one of the five patents LE asserted against UEI in its infringement contentions on December 19, 2011. UEI promptly notified Logitech of its intent to seek leave a little more than a month after LE served its Infringement Contentions and immediately after UEI had fully examined the relevant Infringement Contentions, prosecution histories and document production.

### 2.   UEI's Amendment Will Not Delay The Proceedings.

Granting UEI leave to file its amended pleading will not delay these proceedings in any way. UEI is not seeking any change to the current case schedule other than to modify the date for amending pleadings by less than a month–from February 1, 2012 to February 17, 2012. The discovery cut off is almost a year away, Logitech has only made a single, limited document production with its Infringement Contentions and has indicated it will not start producing documents until February 17, 2012 or soon thereafter (Lukas Decl. at ¶ 7, Ex. 3), deposition and expert discovery has not even started, and the parties have ample time to work up dispositive motions. The trial date will not be moved.

### 3.  Logitech Will Not Be Prejudiced If Leave To Amend Is Granted.

Although the Court considers several factors to determine whether to allow the proposed amendment, the single most important factor is whether the nonmoving party will be prejudiced. *Century Surety*, 2007 WL 2572270 at *2. The party opposing leave to amend bears the burden of demonstrating prejudice. *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997). The prejudice to the nonmoving party must be substantial. *Id.*

Here, Logitech will not be prejudiced by the proposed amendment because discovery is in its early stages and discovery does not close until early 2013. There is ample time to conduct discovery on the Counterclaim, and Logitech should have a familiarity with the prosecution history of the '805 Patent because it asserted the '805 Patent that is the subject of the claim against UEI in its Infringement Contentions. Moreover, Logitech would not be precluded from bringing a motion properly addressed to the merits of the pleading (such as a motion for summary judgment) and still can assert defenses to the new counterclaim (which likely are the same as those defenses Logitech already has asserted). *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 865 (C.D. Cal. 1994) (finding that issues related to defenses on the merits should be addressed in a summary judgment motion and not on a motion to amend).

### 4.  UEI's Proposed Amendment Will Not Be Futile.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In other words, the Court must accept all allegations as true when determining futility of an amendment. Issues relating to the merits should be reserved for summary judgment motions. *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 865 (C.D. Cal. 1994).

Here, UEI has adequately alleged a counterclaim for declaratory judgment of unenforceability of the '805 Patent based on inequitable conduct. A case or controversy

12

exists for a declaratory judgment action regarding the '805 Patent because LE has asserted the '805 Patent against UEI in this litigation.  Furthermore, UEI has alleged that with a specific intent to deceive the PTO, the Patentee made intentionally false and material representations and omissions in a request for a certificate of correction. Specifically, UEI has alleged that a year after issuance, Patentee falsely claimed to the Certificate of Corrections Branch of the PTO that a certificate of correction should be entered because an "inadvertent clerical error" had occurred with respect to certain entered and allowed amended claims.  Based on those false certifications, a certificate of correction was issued.

UEI has alleged that because no amendments were ever allowed or entered by the examiner on the dates referenced in Patentee's request for a certificate of correction, Patentee was not seeking to correct a clerical error.  Thus, UEI has stated a claim that the Patentee falsely claimed that the claims it submitted with the certificate of correction request were previously entered and allowed by the examiner when they were not.  UEI has alleged that instead of filing a reissue request after issuance, Patentee submitted a materially false request to purportedly correct a clerical error in order to bypass the examiner's review of material and substantial amendments to the claims as originally allowed by the examiner.  These allegations, if true, constitute inequitable conduct and render the '805 Patent unenforceable.  Therefore, UEI has stated a claim for inequitable conduct with respect to the '805 Patent.

## IV.    CONCLUSION

For the foregoing reasons, UEI respectfully requests that the Court grant its Motion (1) to modify the scheduling order–extending the deadline for the parties to seek leave to amend pleadings from February 1, 2012 to February 17, 2012, and (2) for leave to file its Proposed Second Amended Answer To Logitech, Inc., Logitech International

/ / /

/ / /

**MOTION TO MODIFY AND FOR LEAVE TO AMEND**

S.A., And Logitech Europe S.A.'S Counterclaims And Counterclaims submitted concurrently with this Motion.


February 17, 2012                          Respectfully submitted,

                                           /s/ James J. Lukas, Jr.
                                           Wendy M. Mantell
                                           GREENBERG TRAURIG LLP
                                           2450 Colorado Avenue
                                           Suite 400 East
                                           Santa Monica, CA 90404
                                           Telephone: 310-586-7700
                                           Facsimile: 310-586-7800

                                           Michael A. Nicodema
                                           GREENBERG TRAURIG LLP
                                           MetLife Building
                                           200 Park Avenue
                                           New York, NY 10166

                                           Kevin J. O'Shea
                                           James J. Lukas, Jr.
                                           GREENBERG TRAURIG LLP
                                           77 West Wacker Drive, Suite 3100
                                           Chicago, Illinois 60601
                                           Telephone: 312-456-8400
                                           Fax: 312-456-8435

                                           *Counsel for Plaintiff, Universal Electronics Inc.*

14

**MOTION TO MODIFY AND FOR LEAVE TO AMEND**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on February 17, 2012.

*/s/ James J. Lukas, Jr.*

**MOTION TO MODIFY AND FOR LEAVE TO AMEND**